UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CITY OF DETROIT,<br><br>                         Plaintiff,<br><br>v.<br><br>SOUL TRIBE INTERNATIONAL MINISTRIES et al.,<br><br>                         Defendants. | Case No. 23-12828<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (ECF NO. 8) AND DENYING DEFENDANTS' MOTION TO AMEND AS MOOT (ECF NO. 19)**

Plaintiff City of Detroit (the "City") sued defendants Soul Tribe International Ministries ("Soul Tribe") and its founder Robert Shumake, alleging that defendants' use of certain property to unlawfully distribute controlled substances constitutes a public nuisance subject to abatement under state law. ECF No. 12, PageID.314-16.

After defendants removed the case from state court, the City filed a motion to remand, ECF No. 8, and defendants file a motion to amend their answer, affirmative defenses, and counterclaims, ECF No. 19. The motions have been briefed and are sufficient for determination without a hearing. ECF Nos. 8, 15; *see* E.D. Mich. LR 7.1(f). For the reasons below, the Court

grants the City's motion to remand and denies as moot defendants' motion to amend.

I.      **Factual Background**

Shumake founded and leads Soul Tribe, a spiritual organization owning and operating out of a building and real property located at 15000-15050 Southfield Fwy, Detroit, Michigan 48223. ECF No. 12, PageID.313, 350. Defendants operate websites that advertise the sale of controlled substances, namely psilocybin mushrooms and marijuana, from the building. *Id.* at PageID.314-15, 349-58. According to the City, signs advertising the drug distribution surround the building, and the building has not received an inspection or certification required for its use in serving the public. *Id.* at PageID.315.

The City alleges that it has received numerous complaints about defendants' activities at the property. *Id.* The City investigated, finding evidence that defendants were manufacturing and distributing psilocybin mushrooms and marijuana from the building. *See id.* at PageID.388-432. When law enforcement officers executed a search warrant at the property in September 2023, they seized over 99 pounds of mushrooms believed to be psilocybin and over 120 pounds of what they believed to be marijuana. *See id.* at PageID.396-409.

## II. Legal Standard

Under 28 U.S.C. § 1441(a), defendants may remove a case from state court to federal court only if the lawsuit could have been originally filed in the federal court. If a federal court lacks subject matter jurisdiction over a case removed to it, "the case shall be remanded. . . . The State court may thereupon proceed with such case." 28 U.S.C. 1447(c).

Federal courts have "limited jurisdiction," and as the party removing the case and asserting federal jurisdiction, defendants have the burden of establishing such jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To determine the existence of jurisdiction, the Court must "examin[e] the complaint as it existed at the time of removal," and "[a]ll doubts should be resolved against removal." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007) (citations omitted).

## III. Analysis

The City argues that defendants' pro se removal of the case was improper and that regardless, the Court lacks subject matter jurisdiction. Although defendants filed a response brief, they ignore the City's improper pro se removal argument,[1] thereby conceding the issue. *See Eid v. Wayne*

---

[1] The City's argument flags several issues—whether Shumake may file a pro se notice of removal despite being represented by counsel, whether Shumake's pro se removal on Soul Tribe's behalf constitutes the

*State Univ.*, 599 F. Supp. 3d 513, 540 (E.D. Mich. 2022) (citation omitted). Even so, the Court agrees that it lacks subject matter jurisdiction over the case.

As relevant here, a federal court may have jurisdiction over cases "arising under" the Constitution or federal law. 28 U.S.C. § 1331. To determine "arising under" jurisdiction, federal courts use the "well-pleaded complaint" rule. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000). Under this rule, "a federal issue must be among only those allegations in the complaint *necessary* for the plaintiff to state a claim." *Dillon v. Medtronic, Inc.*, 992 F. Supp. 2d 751, 755 (E.D. Ky. 2014); *see Long*, 201 F.3d at 758. Federal "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (citation omitted). "[T]he plaintiff is the master of the [complaint]; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

---

unauthorized practice of law, whether defense counsel sought to circumvent this district's attorney admission rules by having Shumake purport to file a notice of removal that appears to be counsel's work product and, as a result, fraud on the Court. Because defendants concede these issues, and the Court lacks subject matter jurisdiction, the Court need not address these matters.

Here, the City relies only on state law to state its sole claim, abatement of a public nuisance under M.C.L. 600.3801. That statute provides, "A building . . . is a nuisance if . . . [i]t is used for the unlawful manufacture, transporting, sale, keeping for sale, bartering, or furnishing of a controlled substance." M.C.L. 600.3801(1)(c). And the City states its claim by alleging that defendants are using a building (*i.e.*, a church) to distribute controlled substances (*i.e.*, psilocybin and marijuana) unlawfully (*i.e.*, without oversight or license and in violation of certain specific state and city laws). ECF No. 12, PageID.313-15. No federal issue appears among these allegations, let alone the allegations necessary for the City to state its claim. *See Dillon*, 992 F. Supp. 2d at 755.

Defendants concede as much, arguing that notwithstanding the well-pleaded allegations, the City's claim will "depend[] upon the resolution of . . . issues of federal constitutional law." ECF No. 16, PageID.669. As defendants vaguely point out, those federal issues are "the religiosity of the Defendants' activities," as well as free exercise and free speech issues. ECF No. 15, PageID.673-74.

However, any issues related to defendants' religious rights cannot establish the Court's subject matter jurisdiction. Only the complaint matters here—issues raised in responsive pleadings are irrelevant. *Holmes Grp.,*

*Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002). As a result, federal questions presented by defenses—"even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue"—cannot support jurisdiction. *See Caterpillar*, 482 U.S. at 393.

As indicated above, First Amendment issues do not appear in the City's nuisance abatement theory. Defendants may be liable for nuisance abatement without regard to the religious nature of their activities. For any First Amendment issues to arise, defendants must raise them in a responsive pleading.[2] Once raised, such issues would operate as a legal reason as to why defendants may not be liable. At best, then, the issues are defenses, which are insufficient to confer jurisdiction. *See Caterpillar*, 482 U.S. at 393; *see also Laurell v. Anderson*, 2016 WL 4573994, at *3 (S.D. Ohio Sept. 1, 2016) (remanding case where First Amendment issues only constituted defenses to state law claims for trespass and nuisance).

Defendants attempt to complicate matters through the "substantial question doctrine": Where a state law claim presents a "substantial federal question," a defendant may force a plaintiff into federal court. *Mikulski v.*

---

[2] As expected, defendants' proposed amended answer attempts to raise First Amendment issues. *See* ECF No. 19-1.

*Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 9 (1983)). Under the substantial federal question doctrine, a state law claim "actually arise[s] under federal law" if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Id.* at 565, 568.

As "necessarily raised" suggests, the well-pleaded complaint rule still fundamentally applies—"[o]nly if the federal matter is presented in [a well-pleaded complaint] should it then be necessary to assess the substantiality and centrality of the federal issues." *Dillon*, 992 F. Supp. 2d at 757 (quoting 13D Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3566 (3d ed.)). For example, the state law claim may contain an element requiring the plaintiff to prove the defendant violated a federal statute. *See Merrell Dow Pharm., Inc., v. Thompson*, 478 U.S. 804, 817 (1986). The complaint may reference a violation of federal law, *Mikulski*, 501 F.3d at 562, or public policy based on federal law, *see Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 553 (6th Cir. 2006).

Here, the City's claim does not require proof that defendants violated federal law, nor does the complaint reference a violation of federal law or

policy. Defendants provide no authority suggesting that the substantial question doctrine still applies where, as here, the well-pleaded complaint does not reference federal law or otherwise present a federal issue. Without more, remand is warranted. *See Kokkonen*, 511 U.S. 377.

## IV. Conclusion

For the reasons above, plaintiff's motion to remand (ECF No. 8) is **GRANTED**. Because the case will be remanded to state court, defendants' motion to amend (ECF No. 19) is **DENIED AS MOOT**.

Dated: May 30, 2024

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge